United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 18-11976-elf
Oliver T. Rigney, Jr.                                                     Chapter 13
     Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2        User: Antoinett        Page 1 of 1        Date Rcvd: Feb 12, 2020
                      Form ID: pdf900      Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 14, 2020.
db             +Oliver T. Rigney, Jr.,    30 Springton Road,    Upper Darby, PA 19082-4823

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                          TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 14, 2020                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 12, 2020 at the address(es) listed below:
      JOHN L. MCCLAIN    on behalf of Plaintiff Oliver T. Rigney, Jr. aaamcclain@aol.com, edpabankcourt@aol.com
      JOHN L. MCCLAIN    on behalf of Debtor Oliver T. Rigney, Jr. aaamcclain@aol.com, edpabankcourt@aol.com
      REBECCA ANN SOLARZ    on behalf of Creditor    BANK UNITED N.A. bkgroup@kmllawgroup.com
      REBECCA ANN SOLARZ    on behalf of Creditor    BANK OF AMERICA bkgroup@kmllawgroup.com
      United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
      WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com
                                                                                                                                  TOTAL: 6

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Oliver T. Rigney Jr.  Debtor | | CHAPTER 13 |
| BANK UNITED N.A.  Movant  vs. | | NO. 18-11976 ELF |
| Oliver T. Rigney Jr.  Debtor | | |
| William C. Miller Esq.  Trustee | | 11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearages referenced in the motion have been cured, and Debtor(s) is/are current on post-petition loan payments through December 1, 2019.

2. Debtor(s) shall maintain post-petition contractual monthly loan payments due to Movant going forward, beginning with the payment due January 1, 2020 in the amount of $971.62.

3. In the event that the payments under Section 2 above are not tendered, the Movant shall notify Debtor(s) and Debtor(s) attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant immediate relief from the automatic stay, under which the stay provided by Bankruptcy Rule 4001(a)(3) is waived.

4. The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to any Court Order approving of this stipulation and/or ordering relief per the terms agreed upon herein.

5. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

Date: January 17, 2020     By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 1/30/20

John L. McClain, Esquire /Mitchell J Prince, ESQ.
Attorney for Debtor

Date: 2/10/20

LeRay Etheridge for
William C. Miller, Esquire   NO OBJECTION
Chapter 13 Trustee   *without prejudice to any trustee rights and remedies.

**O R D E R**

Approved by the Court this 12th day of February, 2020. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Eric L. Frank